UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dale Chisena, | ) | C/A No. 5:17-cv-00753-BHH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Mansukani, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A federal prison inmate appearing pro se has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Dale Chisena ("Petitioner") is a federal prisoner housed at FCI-Estill in Estill, South Carolina. Petitioner was convicted of sex with a person less than 12 years old, 18 U.S.C. § 2241(c), in the United States District Court for the Eastern District of Kentucky ("the sentencing court") on a guilty plea entered on March 14, 2012. He was sentenced to 360-months imprisonment on June 18, 2012. *United States v. Chisena*, ECF Nos. 35, 44 in No. 5:11-cr-00047-KKC-JGW (E.D. Ky.). Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on August 5, 2015, asserting that his trial counsel misled him as to how much time he would spend in prison and failed to file an appeal or post-conviction motion as promised. ECF No. 50 in No. 5:11-cr-00047-KKC-JGW (E.D. Ky.). That motion was denied as untimely on December 9, 2015, and a certificate of appealability was denied on February 19, 2016. ECF Nos. 63, 67 in No.

5:11-cr-00047-KKC-JGW (E.D. Ky.). The Sixth Circuit Court of Appeals also denied a certificate of appealability and denied Petitioner's request for authorization to file a successive § 2255 motion. ECF Nos. 69, 72 in No. 5:11-cr-00047-KKC-JGW (E.D. Ky.).

In the § 2241 Petition now under review, Petitioner asserts that he is entitled to habeas-corpus relief because his Sixth Amendment rights were violated by his plea counsel who failed to file a direct appeal on Petitioner's behalf despite having been asked to do so. Pet. 6-8, ECF No. 1. He also asserts that different legal counsel was ineffective for failing to file his § 2255 motion in a timely fashion. *Id*. at 9. Petitioner asks this court to grant him a belated direct appeal. *Id*. at 10.

II.      Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III. Discussion

The Petition includes essentially the same arguments and claims about the underlying validity of his conviction that he unsuccessfully made to the sentencing court and the Sixth Circuit in connection with his initial § 2255 motion. His allegations of ineffective assistance of plea counsel and § 2255 counsel go to the underlying validity of his conviction rather than to the manner of execution of his sentence, the most commonly accepted subject matter for petitions filed pursuant to § 2241. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). In this Circuit it is settled that "[a]s a threshold matter . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The Fourth Circuit Court of Appeals has held that challenges to the underlying validity of a federal criminal conviction are not properly considered under § 2241 unless Petitioner can come within the § 2255 savings clause by showing that his is an exceptional case in which § 2255 is neither an adequate nor effective remedy for those issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir.

1977); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 9, 2013). In other words, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Particularly applicable in this case is the Fourth Circuit's precedent holding that the fact that a second § 2255 motion filed by a petitioner in the sentencing court might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). A previously noted, Petitioner's request for authorization for a successive petition, which he filed subsequent to his initial § 2255 motion having been ruled untimely, was denied by the Sixth Circuit; however, under *In re Vial*, such rulings do not make the § 2255 remedy inadequate or ineffective in Petitioner's case.

To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner must show that something more and different should be considered by the court than that authorized by § 2255, such as a retroactive change in the law that was applied to his conviction or sentence by the sentencing court as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *Jones* court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of

4

constitutional law." *Jones*, 226 F.3d at 333-34. Here, there are no allegations that the law governing Petitioner's conviction or sentence has changed. Instead, the only contentions raised by Petitioner on the issue of whether the § 2255 remedy is inadequate and ineffective are his assertions that he has been prevented from proceeding to the merits of his claims due to his legal counsel's failure to file the motion on time. ECF No. 1 at 5. Such allegations have been held insufficient to show ineffectiveness or inadequacy. *See In re Vial*; *Jiminian*. This court cannot proceed under § 2241 to overrule the sentencing court and the Sixth Circuit, both of which have already considered and rejected Petitioner's assertions that his untimely filing should be excused based on ineffective assistance of counsel. A habeas corpus petition under § 2241 may not be used for this purpose because it is not an additional or alternative remedy to § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hernandez v. Lamanna*, 16 F. App'x. 317, 320 (6th Cir. 2001).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

May 30, 2017                                                                Kaymani D. West
Florence, South Carolina                                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).