IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Dale Chisena, | ) | Civil Action No. 5:17-753-BHH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden Mansukani, | ) | |
| Respondent. | ) | |

Petitioner Dale Chisena ("Petitioner"), a federal prison inmate proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) D.S.C. On May 30, 2017, Magistrate Judge West issued a Report recommending that the Court summarily dismiss the petition without prejudice. (ECF No. 16 at 3, 5.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action pursuant to § 2241, asserting that he is entitled to habeas corpus relief because his rights under the Sixth Amendment to the U.S. Constitution were violated by his plea counsel, who failed to file a direct appeal despite Petitioner's request that he do so, and by subsequent counsel, who failed to timely file Petitioner's motion to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) In the § 2241 petition, Petitioner asks the Court to grant him a belated direct appeal and "restoration of ability to challenge conviction collaterally if unsuccesfuly [sic] at the

appellate level." (*Id.* at 10.)

In her Report, Magistrate Judge West explains that the § 2241 petition is subject to summary dismissal because Petitioner's allegations of ineffective assistance of plea counsel and § 2255 counsel go to the underlying validity of his conviction rather than the manner of execution of his sentence, which is the most commonly accepted subject matter for petitions filed pursuant to § 2241. (ECF No. 11 at 3.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (*Id.* at 6.) On June 12, 2017, the Court entered a Text Order (ECF No. 22) granting Petitioner's motion for additional time to file objections (ECF No. 21). On July 12, 2017, the time to file objections having expired, the Court entered an Order adopting the Report and dismissing this case without prejudice. (ECF No. 27.) However, Petitioner's objections to the Report were docketed the following day, July 13, 2017 (ECF No. 30), and subsequent review of the file revealed that the objections were timely submitted to the mail room at FCI Estill. Accordingly, the Court vacated its prior Order and reinstated the case for consideration of Petitioner's timely submitted objections. (ECF No. 31.) The Court has reviewed the record, the relevant law, and the objections, but finds the objections to be without merit. Therefore, it will enter judgment accordingly.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

Magistrate Judge West found that the instant § 2241 petition includes essentially the same arguments and claims about the underlying validity of Petitioner's convictions that he unsuccessfully made to the sentencing court and the Sixth Circuit in connection with his initial § 2255 motion. (ECF No. 16 at 3.) That § 2255 motion was denied as untimely, a certificate of appealability was denied, and the Sixth Circuit denied Petitioner's request for authorization to file a successive § 2255 motion. (*Id.* at 1-2.)

Petitioner's objections consist of a generalized argument that the sentencing court and the Sixth Circuit have deprived him of his Sixth Amendment right to constitutionally competent counsel by enforcing the procedural requirements applicable to his filings. He writes:

> In petitioners case the protections afforded by the courts to file and proceed utilizing motion 2255 petition have been consistently denied and unconstitutional limited by actions directly related to actions by legal counsel; were not for these actions an issue of merit could have been determined. It is Petitioner's contention that the execution of his sentence should be contingent upon his having had access and review to all of the constitutionally allowed stages of criminal procedure, and that a finalize sentence should have been allowed review by the appellate courts for review of error. None of these steps were allowed due to a denial of constitutional

-3-

rights that has been allowed to stand by the lower courts.

(ECF No. 30 at 2 (errors in original).) Petitioner makes no specific objection to the Magistrate Judge's reasoning, and does not attempt to explain why his § 2241 petition falls within the savings clause of § 2255. Nevertheless, out of an abundance of caution, the Court has conducted *de novo* review. Put simply, Petitioner has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e). The Fourth Circuit has held that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (citations omitted). Therefore, Petitioner's objections are overruled.

## **CONCLUSION**

After *de novo* review of the record, the applicable law, the Report of the Magistrate Judge, and Petitioner's objections, the Court finds no error. Accordingly, the Court overrules Petitioner's objections and adopts and incorporates the Report (ECF No. 16) by reference into this Order. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED *without prejudice* and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

August 8, 2018
Greenville South Carolina

*****

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.